to 23-638 Errato v. Barnett, et al. Thank you. Thanks. Okay, Mr. Errato, you may come to the podium, sir, and you have reserved two minutes for rebuttal. Yes, Your Honor. Thank you. Good morning. May it please the Court. My name is Robert Errato. I'm the appellate in this case representing myself. I am aware that suing judges is not looked upon with favor in front of other judges. I did not take this action lightly, but the assault on my rights, the bankrupting of my entire life savings, the loss of my home in foreclosure, the loss of my long-term health care and life insurance, and a credit rating in the 400s left me with little choice but to protect myself from the serious wrongs this case highlights. I argued for years that the divorce case is void on two issues. First, and the most serious, is the attorney-defendant's fabricated physical evidence in two occasions and submitted it to court, committing fraud on the court by officers of the court. It has no statute of limitations as it is so egregious. Basically, in murder cases, there's mostly no statute of limitations. The second, judgment was rendered in a manner inconsistent with due process. Courts have held that if a judgment is void, no further steps are necessary to vacate or set aside the judgment. It is void, have any so, even without further action from the court. I've cited many cases that support both the act in a manner inconsistent with due process and fraud on the court by officer of the court, so I won't, I'll spare the court, I don't need to address those. Attorney's case was dismissed for failing to argue defendant's act under the color of law. The defendants never raised this issue. I was never provided with an opportunity to respond to such argument. The district court made this argument, seemingly assuming the role as the defense lawyer for the attorney defendants. This court in McKinney v New York stated, it will reverse a district court's super spontaneity. The dismissal, if the court gave the parties no advance notice that the dismissal was contemplated and afforded them no opportunity to brief the question. So how would you respond to it, if given the opportunity? How would you respond to that argument? I would respond that they weren't, the attorneys were not acting as attorneys. They fabricated evidence, committed fraud on the court, committed perjury, suborned perjury. That is not the role of an attorney. The attorney who represents someone is- Even if that means they're not acting as lawyers because they are doing those things, are they doing them under color of law? Well, they're acting not as an attorney. They're acting- I understand that. Assuming they're not acting as an attorney, are they acting under color of law? I'm not clear what the question is, and I don't have enough knowledge. Well, to have a claim, the defendant has to be acting under color of law. Correct. So are they acting- How are they acting under color of law, even assuming they're not acting as attorneys? Whatever they were doing, in whatever capacity it was, was it under color of law is what I'm asking. They were acting under the color of law. They were in the courtroom, they filed false documents, they committed perjury and suborned perjury. Maybe I'm- Were they doing it together with the state? Was the state involved in what they were doing? Or were they doing this on their own? No, it was a trial is where this took place. It was the- The lawyers were doing this, you're saying, on their own? Or were they doing it with the state? Well, they acted, they were there as attorneys in a trial where they- You're here in court. Correct. And you're making an argument to us. Correct. Are you acting under color of law, federal law? Well, I'm not an attorney. Well, you're saying that they're not attorneys either. No, I'm saying they are attorneys. Whatever, are you acting under color of law? No, I'm saying they are attorneys that were acting outside, they were acting under the color of law. So your argument is, by the fact that they are attorneys, what they do, whatever it is, is under the color of law. That's correct. Okay. Do you have any authority in support of that proposition? I believe those are fully briefed in case law in my briefs. I believe both in the original brief and my reply brief. I don't have them. That's fine. We've got your briefs. I only had eight minutes, so I wasn't- We've got your briefs. Right, okay. So, as I said, in McKinney versus New York, I was not allowed to brief whether they were acting under the color of law. It was raised by the district court, which seems to be violating what the findings of McGinty were. The attorney defendants were not performing the traditional functions of an attorney when they fabricated physical evidence, committed perjury, and subordinated, each being a class defendant. The attorney defendants were not acting as counsel, but were acting in the exact opposite. If I was provided with the opportunity, I would explain to the district court why the defendants were acting in concert with one another, under the color of law, to divide me in my civil rights and my right to due process. These issues here should be a question of fact to be decided by a jury as supported by case law. That again, are in my briefs. I'm not going to bore the court with what they are. The judicial defendants case was dismissed based upon the Rooker-Feldman doctrine and the doctrine of immunity. The Rooker-Feldman document should not bar the suit. My injuries in the case are separate and distinct from the alimony, excuse me, ordered by the trial court. I did not ask the district court to act as an appellate court. Assessing the applicability of the Rooker-Feldman doctrine, the fundamental and appropriate question to ask is whether the injury alleged results from the state court judgment itself or a distinct difference from or from that judgment. My brief- Mr. Arado, that's your time. You do have two minutes for rebuttal. Do you want to use that now or do you want to save it for rebuttal? I'll save it for rebuttal. Thank you. So we'll hear from Ms. Letty. Good morning, your honors. My name is Lori Letty. May it please the court. I am here representing the attorney defendants, those are the Pullman and Connelly attorneys who I would collectively refer to as the attorney defendants. As you know, this is a case involving the appellant's claims that the attorney defendants and the judicial defendants, the state court judges in this case, violated his rights under section 1983. My clients previously represented appellant's ex-wife, attorney Cedar, in this case, and they've been accused of violating his constitutional rights under 1983. But as Judge Jacobs astutely recognized, my clients were not, they were not conspiring with the state court judges in this case. There's no allegations whatsoever. So I'd like to address a few issues about how the trial court, the district court, reached its decision. First and foremost, the district court does actually have the inherent power to respond to dismissed claims that lack any basis in fact or law and which are frivolous. In this case, the district court concluded that the complaint lacked any allegations that the attorney defendants conspired or acted in concert with any of the state court judges that would bring the attorney defendants within the purview of 1983. They did not act under color of state law. To the contrary, as the district court emphasized, the appellant alleged that my clients acted in concert with his ex-wife, attorney Cedar. And what they did was they misled and deceived the state court judges. That's what he alleges in the complaint. The district court, those allegations of fraud on the court are wholly irreconcilable with the premise that the attorney defendants also acted in concert with the state court judges. Based on that assessment, the district court also determined that there was no, that it would be futile to allow amendment because the allegations would be so internally inconsistent that it would never be something that would proceed beyond a 12B6 motion. Second, even if the district court did act improperly in dismissing the claims against the attorney defendants' sui sponte, the appellants had the opportunity to fully brief the issue on appeal before this court. As to whether or not the attorney defendants either were state actors or acted in concert with state actors. On DeNova review, the court has the authority to review the record and the briefing and to make that determination and reach the same conclusion that the district court did. Third, the district court also found that the claims against the attorney defendants should be dismissed based on the application of the litigation privilege. And that conclusion is found on page 12 of the memorandum of decision in footnote five. That's at page A372 of the special appendix. That decision is also consistent with the Connecticut Supreme Court's decision in Sims versus Seaman. That's 308 Con 523, which case is directly on point. Fourth, this court can also affirm the dismissal on any of the alternate grounds that have been briefed here and that were briefed below, including the application of the litigation privilege, collateral estoppel, and the running of the applicable statutes of limitations. The last point that I would like to address relates to the appellant's argument on collateral estoppel in the reply brief. The appellant refers to an order of Judge McOusher, who is a family court judge in the Connecticut Family Court. And he contends that this supports his conclusion that this fraud on the court issue has never been previously raised in any other court or resolved by any, fully and fairly litigated and resolved in any other court. But this order does not say that. It's not appended to the appellant's reply brief, but it does say exactly what he says. It says that the matter was sent back to Hartford for further proceedings. That's it, that's all it says. The case did go back to the Hartford Family Court for further proceedings. And we included the Judge Nostri's decision on the appellant's motion to dismiss, dismiss the entire divorce proceeding because he claimed it was void ab initio because of this alleged fraud on the court. Judge Nostri. You'll wrap up? Yes, and Judge Nostri, he just concluded that all claims that Mr. Arado raises in his motion have been fully adjudicated. So the issue has been resolved. In closing, we just ask simply that the court affirm the district court's dismissal of the claims against the attorney defendants. Thank you. Thank you, Your Honor. Mr. Robin. Thank you, Your Honors. May it please the court. My name is Michael Rondin. I'm here representing the state of Connecticut and the four judicial defendants in this case. We'd ask that you affirm for any of the number of grounds stated in our briefing, but I'd just like to quickly address two points that were addressed by plaintiff earlier. First, as to judicial immunity, I think it's pretty clear that plaintiff is not arguing that the judge is active in a non-judicial capacity. Rather, he's arguing that they lack jurisdiction. I think it's important to note that it's really undisputed that the court had jurisdiction at the beginning of this action. I mean, I don't think anyone would argue that these judicial defendants had jurisdiction to enter alimony orders or preside over dissolution matters. The plaintiff is really saying, though, that they lost that jurisdiction by relying on fraudulent evidence that was introduced in the 2015 proceeding. I think it's important to focus on the nature of that fraudulent evidence. In some cases, certainly, in many of the cases, all of the cases I think plaintiff cites, it's possible for fraud to go to a jurisdictional issue. So a party can lie about jurisdiction or fraudulently obtain jurisdiction. If that's the case, then perhaps the court can be stripped of jurisdiction. Here, though, that's not the type of fraud that was alleged. It's a merit-based issue. It went to the value of the alimony that was to be awarded, not the authority of the court to enter an alimony order in the first place. In terms of Rooker Feldman, just very briefly, plaintiff said that his injuries were separate and distinct from the state court judgment. I mean, the district court determined otherwise, and I think I would just point the court to plaintiff's prayer for relief where he asked for an order to set aside all rulings, findings, and judgments. And to void all of the decisions in the underlying family court case, as well as seeking damages relating to these orders. So I think it's pretty clear that the plaintiff has requested basically overturning of the state court decision. And with that, Your Honor, as we would rest on our briefs. Thank you. Thank you, counsel. Mr. Arado, you have two minutes. Thank you, Your Honor. I think the fundamental thing the court has to look at is the fact that the case was void on 12-16-2015. When that physical evidence was put in, fabricated evidence. The evidence that was put in was a fabricated financial affidavit showing $19,220 per month in expenses. A few months earlier, that's the attorney Cedar, put in and obtained a mortgage based on $2,100 worth of expenses. So on her financial affidavit a few months later, then her mortgage application where she claimed $2,100 per month. She suddenly came to court with $19,220. So if you look at the case being void on 12-15-16, which I cited many cases, every other defense raised is irrelevant. Yes, I did ask for the court to set aside the judgments because they're void. I didn't ask them to act as an appellate court.  From what I understand, you could raise fraud upon the court in any court at any time, directly or collaterally. My brief is full of them. So when we talk about whether they lost jurisdiction, which is my case and my claim, they lost jurisdiction on that date. As to Judge Nastry, the court, someone would have to show me where there was an adjudication of fraud upon the court by an officer at court. I filed a 58 page document asking Judge Adelman to hold the trial on that. Judge Adelman, which everybody is resting upon, and this is the frustration. Judge Adelman said I, me, did not rely upon Attorney Seder's fraudulent document. That's fraud on me. I don't understand why not a single judge could understand the difference between fraud on me, which I raised fraud at the trial on 12-16 of 2015. Why a judge cannot see the difference between fraud and fraud on the court by an officer of the court. It befuddles me, it frustrates me, and I have no more time. Thank you, Mr. Arado. All right, the matter is submitted. Thank you. Appreciate the arguments, and we'll turn next.